UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STANDARD INSURANCE CO. | CIVIL ACTION |
| VERSUS | NO: 17-4530 |
| CHRISTOPHER DILLON, ET AL. | SECTION: "J" |

## ORDER

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 20)** filed by defendant, Jonathan Dillon, an opposition thereto (Rec. Doc. 24) filed by defendant, Christopher Dillon, and a reply (Rec. Doc. 33) filed by Jonathan Dillon. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from the death of Robin Dillon, the mother of defendants, Jonathan Dillon and Christopher Dillon. Jonathan Dillon and Christopher Dillon are named as equal beneficiaries of Robin Dillon's life insurance policy issued by Standard Insurance Company ("Standard"). Under the terms of the policy, a life insurance benefit of $30,000 and an accidental death and dismemberment benefit of $30,000, plus interest, became due and payable to the two brothers as a result of Robin Dillon's unfortunate death. Standard paid Jonathan Dillon his portion of the benefits on June 27, 2014; however, on May 2, 2017, after being notified that Christopher Dillon had been criminally charged with

1

the murder of Robin Dillon, and in an effort to escape any liability for the improper payment of the benefits, Standard commenced the instant statutory interpleader action pursuant to 28 U.S.C. § 1335. Standard was subsequently dismissed from the case on September 27, 2017.

Jonathan Dillon filed the instant *Motion for Summary Judgment* (Rec. Doc. 20) arguing that his brother is disqualified from receiving any of the proceeds from their mother's life insurance policy. The record reflects that Christopher Dillon was criminally charged with the murder of Robin Dillon, but was found incompetent to stand trial by the Twenty-Second Judicial District Court, St. Tammany Parish. Due to his alleged involvement in their mother's death, Jonathan Dillon contends that his brother is prohibited from taking as her beneficiary under Louisiana law. Christopher Dillon opposes the motion and argues that the motion should be denied because it is not supported by competent summary judgment evidence. The motion is now before the Court on the briefs and without oral argument.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R.

2

Civ. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (internal citations omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id*. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the

record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Louisiana law forbids a beneficiary from receiving insurance benefits when, *inter alia*, the beneficiary's intentional acts caused the benefits to accrue. Specifically, LSA-R.S. § 22:901(D) provides:

> (1) No beneficiary, assignee, or other payee under any personal insurance contract shall receive from the insurer any benefits under the contract accruing upon the death, disablement, or injury of the individual insured when the beneficiary, assignee, or other payee is either:
>
> > (a) Held by a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured.
> >
> > (b) *Judicially determined to have participated in the intentional, unjustified killing of the individual insured.*
>
> (2) Where such a disqualification exists, the policy proceeds shall be payable to the secondary or contingent beneficiary, unless similarly disqualified, or, if no secondary or contingent beneficiary exists, to the estate of the insured.

4

LSA-R.S. § 22:901(D) (emphasis added). The burden of proof is on the party seeking to disqualify the beneficiary named in the insurance contract. *See Pruco Life Ins. Co. v. Breen*, 2017 WL 4477769, at *18 (E.D. La. June 9, 2017). Because Christopher Dillon has not been held by a final judgment to be criminally responsible for his mother's death, the sole issue before the Court is whether he is disqualified under LSA-R.S. § 22:901(D)(1)(b) because he participated in the intentional and unjustified killing of his mother.

Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. Stat. Ann. § 14:10(1). Because intent is a state of mind, it "need not be proven as a fact, but may be inferred from the circumstances and the defendant's actions." *State v. Mickelson*, 2012-2539 (La. 9/3/14), 149 So. 3d 178, 182. "[W]hile pointing and firing at gun at a person is a circumstance from which an inference can be drawn that a defendant possessed specific intent to kill, the circumstances surrounding that act, such as the distance from the firearm to the victim and the number of shots fired, must also be considered." *State v. Cooks*, 2011-0342 (La. App. 4 Cir. 12/14/11), 81 So. 3d 932, 942 (citations omitted); *see*

5

*also State v. Mahogany*, 2017-0377 (La. App. 4 Cir. 7/26/17), 225 So. 3d 489, 502-03.

In light of the foregoing framework, the Court turns to consider the summary judgment evidence. The summary judgment record consists of: (1) Robin Dillon's life insurance enrollment form and beneficiary statement, (2) Robin Dillon's certification of death,[1] and (3) unverified minutes from Christopher Dillon's sanity hearing held before the Twenty-Second Judicial District Court, St. Tammany Parish. The record also includes two news articles detailing Christopher Dillon's alleged involvement in Robin Dillon's death. "Newspaper articles, however, are not proper summary judgment evidence to prove the truth of the facts that they report because they are inadmissible hearsay." *James v. Texas Collin County*, 535 F.3d 365, 374 (5th Cir. 2008); *see also Roberts v. City of Shreveport,* 397 F.3d 287, 295 (5th Cir. 2005). Therefore, the Court does not consider the newspaper articles as competent summary judgment evidence. Assuming *arguendo* that the remaining evidence is proper, the Court finds that the movant has not carried his burden of proving that Christopher Dillon participated in the *intentional* and unjustified killing of Robin Dillon.

---

[1] The certification of death provides that Robin Dillon died from a gunshot wound to the chest. (Rec. Doc. 20-3).

6

Importantly, the evidence proffered by the movant is not sufficiently probative of Christopher Dillon's intent with respect to his alleged involvement in Robin Dillon's death.[2] Although Christopher Dillon was criminally charged with his mother's death, the mere existence of a criminal charge, without more, is inadequate to support a finding that he intentionally and without justification killed the insured. *See American Armed Forces Mut. Aid Ass'n v. Crawford*, No. 13-2765, 2015 WL 338980, at *1-2 (W.D. La. Jan. 26, 2015) (concluding that a beneficiary who pleaded nolo contendre to murdering the insured was not disqualified under LSA-R.S. § 22:901(D)(1) because the party seeking disqualification presented no admissible evidence that he participated in the intentional and unjustified killing of the insured). As another section of this Court reasoned in *Metropolitan Life Ins. Co. v. Scott*:

> That his father's death was ruled a homicide coupled with the fact that the police report appears to suggest that [the beneficiary] and [the insured] were the only two people in the house at the time of the homicide—[movant] submits—compels the finding that [the beneficiary] killed [the insured]. But this alone is insufficient for the Court to enter judgment as a matter of law that [the beneficiary] intentionally and without justification killed [the insured]. Absent from the

---

[2] "Historically 'as a matter of public policy a beneficiary named in a life insurance policy is not entitled to the proceeds of the insurance if he or she feloniously kills the insured.'" *In re Hamilton*, 446 So. 2d 463, 464 (La. App. 4 Cir. 1984) (*citing American Nat'l Life Ins. v. Shaddinger*, 16 So. 2d 889, 889 (La. 1944)). "It has also been the rule historically, that if a beneficiary *accidentally* or *unintentionally* kills the insured he or she is not barred from recovering the proceeds of insurance on the life of the deceased." *Id.* (citation omitted)*.*

7

>record is any final judgment that [the beneficiary] is criminally responsible for [the insured]'s death.

No. 15-362, 2015 WL 5165556, at *4 (E.D. La. Sept. 2, 2015) (denying a motion for summary judgment seeking disqualification under LSA-R.S. § 22:901(D)(1)(b)). In fact, although a final criminal conviction is not a requisite for disqualification, the Court is not aware of a single case, and the parties cite to none, in which a beneficiary has been disqualified under LSA-R.S. § 22:901(D)(1) absent such a conviction. *Compare In re Succession of Holder*, 50-824 (La. App. 2 Cir. 2016), 200 So. 3d 878, 882 (holding that a son convicted of murdering his mom was disqualified from receiving his mother's life insurance proceeds); *and In re Hamilton*, 446 So. 2d 463, 465 (La. App. 4 Cir. 1984) (holding that a beneficiary who pleaded guilty to manslaughter of the insured was disqualified from receiving the insured's life insurance benefits); *with Breen*, 2017 WL 4477769, at *18 (E.D. La. June 9, 2017) (concluding after a bench trial that the non-beneficiaries had failed to meet their burden of proof that the beneficiary was disqualified under LSA-R.S. § 22:901(D)(1)(b) although the beneficiary had admitted to shooting and killing the insured); *and Crawford*, 2015 WL 338980, at *1-2.

In sum, based on the record, and in light of the prevailing jurisprudence, the Court does not find the resolution of this case on the instant motion for summary judgment appropriate. *See*

*Guillory v. Domtar Indus. Inc. v. John Deere Co.,* 95 F.3d 1320, 1326 (5th Cir. 1996) (noting that summary judgment is rarely proper when an issue of intent is involved). A judicial determination of Christopher Dillon's state of mind cannot be made on this scarce record without the Court engaging in conjecture. Therefore, whether Christopher Dillion "participated in the intentional, unjustified killing" of Robin Dillon remains a triable issue.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Jonathan Dillon's *Motion for Summary Judgment* **(Rec. Doc. 20)** is **DENIED**.

New Orleans, Louisiana, this 7th day of February, 2018.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE